UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-cv-00343-FDW-DCK

| SUSAN DENHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DATASTAFF, INC. and KEITH RICKS, | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 11). In the alternative, Defendants' move to strike portions of Plaintiff's Amended Complaint. Id. at 3. Because Plaintiff is appearing *pro se*, this Court issued a Roseboro Order on August 16, 2018,[1] putting Plaintiff on notice that she had until August 29 to respond to Defendants' Motion. Plaintiff received two extensions to this deadline. Plaintiff's last deadline to respond was October 5, 2018, but Plaintiff did not respond by this date. This motion is now ripe for review. For the reasons stated below, Defendants' motion is GRANTED IN PART and DENIED IN PART. Defendants' earlier Motion to Dismiss (Doc. No. 7) is DENIED AS MOOT.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, as the Court did in this case.

## I. BACKGROUND

This case concerns a labor and employment dispute. Plaintiff filed an EEOC complaint alleging that she had been terminated on June 12, 2017, four days after writing a letter to her employer reporting sex and age discrimination. (Doc. No. 1, p. 9). In her EEOC complaint, Plaintiff also alleged that she was terminated after complaining of being subjected to a hostile work environment. Id. This EEOC complaint only alleged a retaliation claim and did not allege a sex or age discrimination claim. See id. Plaintiff received a right to sue letter on April 10, 2018. Id. at 8. In addition to the retaliation claims stated in her EEOC complaint, Plaintiff also alleges in her amended complaint that she engaged in "protected activity" on a variety of other dates and "was retaliated and discriminated against on [many] different occasions." (Doc. No. 9, p. 3).

Plaintiff filed this lawsuit against Defendants DataStaff, Inc. and Keith Ricks on June 28, 2018. Defendants have moved to dismiss Plaintiff's entire amended complaint with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also move for dismissal under Rule 12(b)(1) on the grounds that Plaintiff has not exhausted her administrative remedies on portions of the Amended Complaint. Finally, Defendants argue that claims against Keith Ricks should be dismissed on Rule 12(b)(4) and Rule 12(b)(5) grounds because he was not individually served with process.

## II. LEGAL STANDARDS

*A. Rule 12(b)(1) standard*

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims where the Court lacks jurisdiction over the subject matter of the lawsuit. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time by a litigant

or the court itself. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The plaintiff bears the burden of proving that the court has subject matter jurisdiction over a case or claim. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

*B. Rule 12(b)(6) standard*

Rule 12(b)(6) allows a defendant to move for dismissal when a plaintiff has not stated a claim that is recognized by law. Documents attached as exhibits to the complaint or incorporated by reference in the complaint may be considered when resolving a motion pursuant to Rule 12(b)(6) without converting the motion into one for summary judgment. Zak v. Chelsea Therapeutics Intern. Ltd., 780 F.3d 597, 606 (4th Cir. 2015). An outside document may be considered for a 12(b)(6) ruling if it is integral and explicitly relied on in the complaint and there is no challenge to the document's authenticity. E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011).

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." Id. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citation omitted). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. On the other hand, a plaintiff's legal conclusions are not entitled to a presumption of truth. Id. at 678.

"Complaints filed by *pro se* plaintiffs are [generally] construed more liberally than those drafted by an attorney." Berry v. Gutierrez, 587 F. Supp. 2d 717, 722 (E.D. Va. 2008) (citing Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). However, "a court is not expected to develop tangential claims from scant assertions in a complaint." Id.

### III. DISCUSSION

From the outset, this Court notes that it is difficult to determine what Plaintiff's exact claims are. Plaintiff certainly is alleging a retaliation claim under Title VII and the ADEA. However, Plaintiff may also be asserting claims under the North Carolina Retaliatory Employment Discrimination Act, N.C. Gen. Stat. § 95-241. (See Doc. No. 9, p. 3). For the purposes of this Order, the Court construes Plaintiff's amended complaint as alleging these two claims against both Defendants DataStaff, Inc. and Keith Ricks.

*A. Plaintiff's federal retaliation claim against Defendant Ricks*

Defendants' argue that Plaintiff's federal retaliation claim against Defendant Ricks should be dismissed under Rules 12(b)(1), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 12, p. 7–11). The Court finds that because Plaintiff has not exhausted her administrative remedies with Defendant Ricks, the Court lacks subject matter jurisdiction over this claim.

A plaintiff is required to file a charge of discrimination with the EEOC before filing a suit under Title VII or the ADEA. Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009). The filing of an administrative charge "is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit . . . . Rather, the charge itself serves a vital function in the process of remedying an unlawful employment practice." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013) (internal quotation and citation omitted).

Therefore, "the scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Jones, 551 F.3d at 300 (citation omitted). A plaintiff cannot bring a lawsuit against an individual defendant that is not named in the underlying EEOC complaint. Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998); see also 42 U.S.C. § 2000e-5(f)(1) (2012) (allowing civil action against the respondent *named in the charge*). A plaintiff's failure to exhaust administrative remedies "deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300.

Here, Plaintiff did not list Defendant Ricks as an individual defendant in her EEOC charge. (Doc. No. 1, p. 9). Thus, Plaintiff has not exhausted her administrative remedies against Defendant Ricks and this Court does not have subject matter jurisdiction over the claim. See Jones, 551 F.3d at 300. Plaintiff's Title VII and ADEA retaliation claims against Defendant Ricks are hereby dismissed without prejudice. The Court does not find it necessary to address Defendants' other reasons for dismissal of this claim.

*B. Plaintiff's federal retaliation claim against Defendant DataStaff, Inc.*

Defendants also argue that Plaintiff's federal retaliation claim against DataStaff, Inc. should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 12, p. 14–16).

"In order to establish a prima facie case of retaliation, a plaintiff must prove three elements: (1) that she engaged in a protected activity; (2) that her employer took an adverse employment action against her; and (3) that there was a causal link between the two events." EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405–06 (4th Cir. 2005).

A protected activity is an action that an employee takes to oppose "what he or she believes is an unlawful employment practice." Bowman v. Baltimore City Bd. of Sch. Comm'rs, 173 F.

5

Supp. 3d 242, 248 (D. Md. 2016); see also DeMasters v. Carilion Clinic, 796 F.3d 409, 416 (4th Cir. 2015) (applying a similar definition). The Fourth Circuit recognizes "an expansive view of what constitutes oppositional conduct" including using "informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention to an employer's discriminatory activities." Demasters, 796 F.3d 409 (quoting Laughlin v. Metro Wash Airports Auth., 149 F.3d 253, 259 (4th Cir. 1998)). An employee is protected from retaliation for reporting activity that the employee "reasonably believes to be unlawful." See DeMasters, 796 F.3d at 417.

Here, the Court finds that Plaintiff has stated a plausible, prima facie case for retaliation against Defendant DataStaff, Inc. In her EEOC complaint, Plaintiff alleged that on June 8, 2017, she "wrote a letter to the employer and complained that I was being discriminated against because of my sex and age and that I was subjected to a hostile work environment." (Doc. No. 1, p. 9). Plaintiff alleges that four days later, she was fired from her position and was not told why she was discharged. Id. at 9. Assuming that these factual allegations are true, Plaintiff engaged in protected oppositional activity and was terminated shortly after. Thus, Plaintiff has stated a plausible claim for retaliation against the employer.

Defendants argue that Plaintiff's claim should be dismissed because these facts are set forth in her EEOC complaint rather than her Amended Complaint. (See Doc. No. 12, p. 15). However, the EEOC complaint is clearly referenced by case number in the Amended Complaint. (Doc. No. 9, p. 3). The Court can consider documents incorporated by reference in a complaint when resolving a 12(b)(6) motion. See Zak, 780 F.3d at 606.

For the foregoing reasons, Defendants' motion to dismiss with regards to Plaintiff's retaliation claim is denied with regards to DataStaff, Inc. This ruling is without prejudice, and Defendant DataStaff can reassert any applicable arguments at summary judgment.

*C. Plaintiff's Other Allegations of Discrimination*

Defendants' move, in the alternative, to strike portions of Plaintiff's amended complaint that are not found in Plaintiff's EEOC complaint. Plaintiff's amended complaint alleges that she engaged in protected activities "many times[,] including[,] but not limited to": December 2016, January 2016, March 2017, April 2017, and June 2017. (Doc. No. 9, p. 3). Plaintiff further alleges that she was "retaliated and discriminated against on [many]² different occasions." Id. However, Plaintiff's EEOC complaint references exactly one protected activity and one instance of retaliation—the letter Plaintiff allegedly sent on June 8, 2017 and her subsequent termination on June 12, 2017. (Doc No. 1, p. 9). As stated above, "the scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents." Jones, 551 F.3d at 300. Thus, the allegations of other instances of retaliation or protected activities (that did not happen in June 2016) are immaterial and should be stricken from Plaintiff's complaint. Defendants' motion to strike is granted only to the extent specified above.

*D. Plaintiff's State Law Retaliation Claims*

Defendants also move to dismiss Plaintiff's state retaliation claims on the basis that Plaintiff has failed to exhaust her administrative remedies. The Court agrees with Defendants.

In her Amended Complaint, Plaintiff alleges:

> The Defendant did not follow NC Wage & Hour Rules & Regulations which were reported to both Glynda Mealer and Keith Ricks. Case #105365 in which DataStaff was issued a violation for not paying wages. Case with NCDOL EDB is still ongoing.

(Doc. No. 9, p. 3). The North Carolina Retaliatory Employment Discrimination Act requires that employees receive a right-to sue letter from the State Commissioner of Labor before filing a civil

---

² Plaintiff's complaint uses the word "my" instead of "many," which seems to the Court to be an inadvertent error.

action. N.C. Gen. Stat. § 95-242(b). Per Plaintiff's own admission, the case with the North Carolina Department of Labor is still ongoing. Plaintiff has therefore not exhausted her state administrative remedies. This claim against Defendants DataStaff, Inc. and Keith Ricks must therefore be dismissed without prejudice.

*E. Defendants' Earlier Motion to Dismiss*

Defendants made an earlier motion to dismiss Plaintiff's original complaint. (Doc. No. 7). It is well settled law that a timely-filed amended pleading supersedes the original pleading, and motions directed at superseded pleadings may be denied as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); Colin v. Marconi Commerce Sys. Emps.' Retirement Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) (finding that Defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended complaint); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Therefore, Defendants' first motion to dismiss is hereby denied as moot.

## IV. CONCLUSION

For the reasons specified above, Defendants' motion, (Doc. No. 11), is GRANTED IN PART AND DENIED IN PART. Plaintiff's federal retaliation claims against Keith Ricks are DISMISSED WITHOUT PREJUDICE. Plaintiff's state law retaliation claims under the North Carolina Retaliatory Employment Discrimination Act against all Defendants are also DISMISSED WITHOUT PREJUDICE. Plaintiff has stated a plausible claim against DataStaff, Inc. for retaliation under the ADEA and Title VII; therefore, Defendants' motion to dismiss as to that claim

is DENIED. Defendants' motion to strike is GRANTED only to the extent specified in this Order. Defendants' earlier motion to dismiss, (Doc. No. 7), is DENIED AS MOOT.

The Court respectfully directs the Clerk to TERMINATE Defendant Keith Ricks with respect to this action.

IT IS SO ORDERED.

Signed: October 19, 2018

Frank D. Whitney
Chief United States District Judge